IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD L. JACKSON, JR., | ) | No. C 07-1202 MMC (PR) |
| Plaintiff, | ) ) | **ORDER STRIKING ALL PENDING MOTIONS; DISMISSING CERTAIN CLAIMS AND DEFENDANTS WITH PREJUDICE; DISMISSING REMAINING CLAIMS WITH LEAVE TO AMEND** |
| v. | ) ) | |
| MONTEREY COUNTY JAIL, et al., | ) ) | |
| Defendants. | ) ) | **(Docket Nos. 7, 11, 15, 28, 30, 32, 36, 40, 44, 64, 66, 68, 72, 80, 87, 94, 95, 101 & 103)** |

On February 28, 2007, plaintiff, a California prisoner incarcerated at the Monterey County Jail and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Plaintiff also sought leave to proceed in forma pauperis ("IFP"). At the time of filing, the case was assigned to the Honorable Susan Illston; on April 13, 2007, Judge Illston denied plaintiff's IFP application because plaintiff had more than $900 in his inmate trust account. On April 23, 2007, the case was reassigned to the undersigned judge;[1] on May 21, 2007, plaintiff paid the $350 filing fee.

The complaint alleges the violation of plaintiff's constitutional rights by county and private entities, and by individuals employed thereby. The complaint names as defendants the Monterey County Jail ("MCJ"), the Monterey County Sheriff's Department ("Sheriff's

---

[1] The case was reassigned pursuant to Section D.7 of the Court's Assignment Plan, under which "the Clerk shall assign any non-capital civil action filed by a prisoner to the same Judge who was assigned any previous actions filed on behalf of that prisoner." Plaintiff's prior actions were assigned to the undersigned. See Jackson v. McMillen, No. C 05-1065 MMC (PR); Jackson v. McMillen, No. C 04-4663 MMC (PR); Jackson v. McMillen, No. C 04-4529 MMC (PR).

Department"), Nova Partner, Inc. ("Nova"), Nova Project Manager Seth Henderson ("Henderson"), Skansa U.S.A. Building ("Skansa"), and Skansa Project Manager Anthony Jones ("Jones").

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Section 1915A applies even if the prisoner is not proceeding IFP. See Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999) (joining Second, Fifth, Sixth and Tenth Circuits in holding § 1915A applies even when prisoner pays full fee at outset of case).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed, however. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

B.  Pending Motions

Although this Court had not conducted a preliminary screening of the complaint under § 1915A and, consequently, had not ordered plaintiff to serve any defendant or ordered any defendant to respond to the complaint, plaintiff nonetheless attempted to serve the defendants with the complaint; his efforts in that regard have resulted in the filing of the following motions.

On March 30, 2007, Skansa filed three motions attacking the complaint: (1) a motion to dismiss the complaint under Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure

2

for defects in the form of summons and the manner of service,[2] and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted; (2) a motion for more definite statement under Rule 12(e); and (3) a motion to strike certain portions of plaintiff's prayer for damages under Rule 12(f). On August 3, 2007, Skansa filed a motion to dismiss under Rule 4(m) for failure to effect service within 120 days of filing.

On May 10, 2007, Nova and Henderson jointly filed three motions, titled similarly to those filed by Skansa, under Rules 12(b)(4), (5) and (6), Rule 12(e) and Rule 12(f), and also joined in the three motions filed by Skansa. On August 13, 2008, Nova and Henderson jointly filed a motion to dismiss under Rule 4(m) for failure to effect service within 120 days of filing.

On May 16, 2007, the MCJ and Sheriff's Department filed a joint motion to dismiss the complaint under Rule 12(b)(1) for lack of federal subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff has filed opposition to each of the above-referenced motions, to which Skansa, Nova and Henderson have replied. Additionally, on May 4, June 11, and June 18, 2007, respectively, plaintiff filed motions to amend the complaint, and on July 3, 2007, he filed a motion for default judgment as to defendant Jones, Skansa's Project Manager, who has not responded to the complaint.

In light of the above-described screening requirements established for prisoner actions under 28 U.S.C. § 1915A, all of the parties' motions are premature because the Court has not yet screened the complaint, ordered plaintiff to serve any defendant with the complaint, or ordered any defendant to respond to the complaint. Accordingly, the motions and all related pleadings will be stricken.

//

//

---

[2] Hereinafter, all references to "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

3

C.   Plaintiff's Claims

   1.   Background

In his complaint, plaintiff alleges he has been incarcerated at the MCJ since August 2004. He alleges that during this period of incarceration he has "constantly" been transferred between the MCJ and the Monterey County Superior Court building ("courthouse") and that he has been "chained" and "shackled" during each transfer. (Compl. at 2:10-23.) He alleges that while being transferred for purposes of his pre-trial and trial proceedings, he was made to wait in holding cells and walk through areas of the courthouse that had warning signs posted concerning high levels of asbestos and other hazardous materials in the courthouse. (Compl. at 2:23-3:7.) Plaintiff alleges that he expressed, to the MCJ deputies transporting him, his concern about his being exposed to asbestos and other hazardous materials, but that the deputies rebuked him and forced him to wait in, or walk through, the hazardous areas. (Compl. at 3:7-16.)

Plaintiff alleges that Skansa and Nova, as well as their respective Project Managers Jones and Henderson, did the construction work on the courthouse and were criminally charged with releasing asbestos and other hazardous materials into the courthouse. (Compl. at 3:17-25.) He further alleges that the MCJ and Sheriff's Department knew that asbestos and other hazardous materials had been released into the areas of the courthouse where plaintiff was taken. (Compl. at 3:25-4:3.) Plaintiff claims he has had respiratory problems since being exposed to the contaminated areas of the courthouse, and concludes such problems indicate his lungs have been damaged and that he will need medical care for the rest of his life. (Compl. at 4:16-21.)

Plaintiff alleges Skansa and Nova and their Project Managers acted negligently by releasing asbestos and other hazardous materials into the courthouse; he further alleges the MCJ and Sheriff's Department acted negligently and maliciously by forcing him to wait in holding cells and walk through areas of the courthouse that they knew were contaminated. (Compl. at 8:11-28.) He also alleges the violation of his rights under the Eighth and Fourteenth Amendments. (Compl. at 2:6-8.) Plaintiff claims the defendants' actions have

4

1 resulted in his suffering emotional distress, mental anguish and future health problems.
2 (Compl. 8:26-28.)

### 2. Claims Against Skansa, Nova, Henderson and Jones

Plaintiff alleges that Skansa and Nova, both private construction companies, and their respective project managers, Jones and Henderson, exposed plaintiff to asbestos and other hazardous materials by their negligent construction at the courthouse. These allegations fail to establish either of the two essential elements of a claim for relief under § 1983: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The first element, that a right secured by the Constitution or laws of the United States was violated, has not been met, because negligence is not actionable under § 1983. See County of Sacramento v. Lewis, 523 U.S. 833, 848-49 (1998) (holding liability for negligently inflicted harm falls below threshold of constitutional due process); DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S. 189, 202 (1989) (holding § 1983 does not impose liability for violation of duty of care arising out of state tort law).

The second element, that the alleged constitutional violation was committed by a person acting under color of state law, likewise has not been met, because Skansa, Nova, Henderson and Jones are private actors. Purely private conduct, no matter how wrongful, is not covered under § 1983. Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974) (citing Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).

Accordingly, because plaintiff's allegations fail to establish the essential elements of a claim for relief under § 1983 against Skansa, Nova, Henderson and Jones, these defendants and all claims against them will be dismissed from this action with prejudice.

### 2. Claims Against the MCJ and Sheriff's Department

Plaintiff alleges that the MCJ and the Sheriff's Department caused him injury by negligently and maliciously exposing him to asbestos and other hazardous materials. Plaintiff's allegations fail to state a cognizable claim for the following reasons.

First, the proposition discussed above, that neither negligence nor gross negligence is actionable under § 1983, applies equally to claims concerning the actions of prison officials. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). Accordingly, plaintiff's negligence claims against the MCJ and Sheriff's Department will be dismissed.

Second, plaintiff's allegations do not establish the requirements of a claim for deliberate indifference to his safety. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. See id. at 832 (1994).[3] A prisoner thus may state a § 1983 claim under the Eighth Amendment against a prison official where such official acts with "deliberate indifference" to the threat of serious harm or injury to the prisoner from dangerous prison conditions. See, e.g., Frost v. Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (finding failure to provide safe and accessible prison environment may constitute deliberate indifference to serious risk of harm to mobility-impaired inmate); Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (finding failure to provide protective gear to inmate forced to remove asbestos constituted deliberate indifference to inmate's safety). The failure of prison officials to protect prisoners from dangerous prison conditions violates the Eighth Amendment, however, only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834.

With respect to the first requirement, plaintiff has not alleged a sufficiently serious deprivation. His claim of physical injury is as follows: "[I]t should be noted that, at times, I have had respiratory problems in breathing since being expose[d] to these particular area[s] [of the courthouse] at issue. Which probably my lungs have been damage[d] which would mean that I would have to seek medical treatment for probably the rest of my life." (Compl.

---

[3] According to the allegations in the complaint, plaintiff was a pretrial detainee when his claims arose. Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, the Ninth Circuit applies the Eighth Amendment standard of review to pretrial detainees' claims. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

at 4:16-21.) These allegations are too vague and conclusory to establish a physical injury that is, objectively, sufficiently serious; and, without a showing of a prior physical injury, plaintiff's claims of emotional and mental injury also cannot proceed. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Plaintiff will be given leave to amend the complaint to describe the specific occasions on which he has suffered respiratory problems, the nature of the respiratory problems, and any medical treatment he has sought and received for the respiratory problems.

Plaintiff's allegations also fail to establish the second requirement for an Eighth Amendment claim, that is, that prison officials acted with deliberate indifference to his safety. Specifically, although plaintiff makes the conclusory allegation that employees of the MCJ and the Sheriff's Department knowingly exposed him to asbestos and other hazardous materials, he has not named any individual employee as a defendant, nor has he alleged how any such employee directly caused him harm. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, the only named defendants are the MCJ and the Sheriff's Department. Naming these entities does not suffice to plead a § 1983 claim, however, because liability is dependent upon the actions of the individual employees. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); see also Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994) (holding local government cannot be liable for damages based on actions of one of its employees unless employee inflicted constitutional harm). Plaintiff will be given leave to amend the complaint to name the responsible individual employees as defendants and to set forth specific facts as to each of the individual defendant's conduct that violated plaintiff's constitutional rights.

Accordingly, plaintiff's remaining claims will be dismissed with leave to amend to cure the above-noted deficiencies.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. All pending motions are hereby STRICKEN.

2. Defendants Skansa U.S.A. Building, Nova Partner, Inc., Seth Henderson and Anthony Jones, and all claims against them, are hereby DISMISSED from this action with prejudice.

3. As to plaintiff's remaining claims, the complaint is hereby DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies noted above. Plaintiff shall complete the form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 07-1202 MMC (PR), and the heading "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed.**

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

5. The Clerk of the Court shall send a copy of this order to all counsel listed on the court docket.

This order terminates Docket Nos. 7, 11, 15, 28, 30, 32, 36, 40, 44, 64, 66, 68, 72, 80, 87, 94, 95, 101 and 103.

IT IS SO ORDERED.

DATED: January 29, 2008

_____
MAXINE M. CHESNEY
United States District Judge