**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD L. JACKSON, JR.,     ) | No. C 07-1202 MMC (PR) |
|         Plaintiff,     ) | **ORDER OF DISMISSAL** |
|   v.     ) | |
| MONTEREY COUNTY JAIL, et al.,     ) | |
|         Defendants.     ) | |

On February 28, 2007, plaintiff, a California prisoner then incarcerated at the Monterey County Jail ("MCJ") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.[1]  The complaint alleged plaintiff's constitutional rights were violated by county and private entities, and individuals employed thereby, when, for a period of months during the course of his pre-trial and trial proceedings, plaintiff was knowingly exposed to asbestos when being transferred between the MCJ and the Monterey County Superior Court building ("courthouse").  Specifically, plaintiff alleged (1) that the private entities hired to renovate the courthouse had negligently caused him harm by releasing asbestos and other hazardous materials into the courthouse; and (2) the MCJ and Monterey County Sheriff's Department ("Sheriff's Department") acted negligently and in violation of the Eighth and Fourteenth Amendments by forcing plaintiff to wait in holding cells and walk through areas of the courthouse they knew were contaminated.  Plaintiff claimed such actions

---

[1]Plaintiff currently is incarcerated at High Desert State Prison, in Susanville, California.

United States District Court
For the Northern District of California

1    had resulted in his suffering emotional distress, mental anguish and future health problems.

2          By order filed January 29, 2008, the Court dismissed from the complaint with

3    prejudice all of the private entities and employees against whom plaintiff asserted negligence

4    claims.  In so doing, the Court found plaintiff had failed to establish the essential elements of

5    a claim for relief against such defendants under 42 U.S.C. § 1983 because neither negligence

6    nor purely private conduct is actionable under § 1983.  (Order, filed Jan. 29, 2008, at 5:11-

7    24.)  Additionally, and for the same reason that negligence claims are not actionable under §

8    1983, the Court dismissed plaintiff's negligence claims against the MCJ and Sheriff's

9    Department.  (Id. at 6:1-4.)

10         With respect to plaintiff's claim that the MCJ and Sheriff's department had violated

11   plaintiff's constitutional rights by knowingly exposing him to asbestos, the Court found as

12   follows:

13              [P]laintiff's allegations do not establish the requirements of a claim for
            deliberate indifference to his safety.  The Eighth Amendment requires that
14          prison officials take reasonable measures to guarantee the safety of prisoners.
            See [Farmer v. Brennan, 511 U.S. 825, 832 (1994)].  A prisoner thus may state
15          a § 1983 claim under the Eighth Amendment against a prison official where
            such official acts with "deliberate indifference" to the threat of serious harm or
16          injury to the prisoner from dangerous prison conditions.  See, e.g., Frost v.
            Agnos, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (finding failure to provide safe
17          and accessible prison environment may constitute deliberate indifference to
            serious risk of harm to mobility-impaired inmate); Wallis v. Baldwin, 70 F.3d
18          1074, 1076-77 (9th Cir. 1995) (finding failure to provide protective gear to
            inmate forced to remove asbestos constituted deliberate indifference to
19          inmate's safety).  The failure of prison officials to protect prisoners from
            dangerous prison conditions violates the Eighth Amendment, however, only
20          when two requirements are met: (1) the deprivation alleged is, objectively,
            sufficiently serious; and (2) the prison official is, subjectively, deliberately
21          indifferent to inmate safety.  Farmer, 511 U.S. at 834.

22              With respect to the first requirement, plaintiff has not alleged a
            sufficiently serious deprivation.  His claim of physical injury is as follows: "[I]t
23          should be noted that, at times, I have had respiratory problems in breathing
            since being expose[d] to these particular area[s] [of the courthouse] at issue.
24          Which probably my lungs have been damage[d] which would mean that I
            would have to seek medical treatment for probably the rest of my life."
25          (Compl. at 4:16-21.)  These allegations are too vague and conclusory to
            establish a physical injury that is, objectively, sufficiently serious; and, without
26          a showing of a prior physical injury, plaintiff's claims of emotional and mental
            injury also cannot proceed.  See 42 U.S.C. § 1997e(e) ("No Federal civil action
27          may be brought by a prisoner confined in a jail, prison or other correctional
            facility for mental or emotional injury suffered while in custody without a prior
28          showing of physical injury.")  Plaintiff will be given leave to amend the

2

1
2

complaint to describe the specific occasions on which he has suffered respiratory problems, the nature of the respiratory problems, and any medical treatment he has sought and received for the respiratory problems.

3    (Id. at 6:5-7:9) (footnote omitted).

4          Further, the Court found plaintiff's allegations failed to establish the second

5    requirement for an Eighth Amendment claim, that is, that prison officials acted with

6    deliberate indifference to plaintiff's safety, because plaintiff had not named any individual

7    employee as a defendant, or alleged how any such employee directly caused him harm.

8    Consequently, the Court dismissed the complaint with leave to amend to cure the noted

9    pleading deficiencies.  (Id. at 7:10-8:2.)

10          On November 21, 2008, plaintiff filed an amended complaint in which he asserts that

11    his constitutional rights were violated by the MCJ and the Sheriff's Department, and

12    individual employees thereof, when, while being transferred from the MCJ to the courthouse,

13    he was exposed to asbestos during a three-month period between May and August 2006, and

14    on one date in July 2007.  (AC at 4:9-5:19.)  Plaintiff also complains that, upon discovering

15    that he was being exposed to asbestos during such transports, he asked to be examined by jail

16    medical staff, but such request was denied.  (Id. at 5:20-6:7.)  As a result, plaintiff asserts, he

17    suffered mental distress amounting to cruel and unusual punishment.  (Id. at 6:12-23.)  He

18    seeks $400 million dollars in damages.  (Id. at 7:13-21.)

19          The allegations in the amended complaint fail to cure a critical pleading deficiency

20    that existed in the original complaint and, consequently, fail to state a claim for relief under

21    42 U.S.C. § 1983.  In particular, the amended complaint sets forth no allegation of physical

22    injury resulting from the alleged asbestos exposure.  Rather, plaintiff's only claim is that he

23    suffered mental distress when he discovered he had been exposed to asbestos and was denied

24    a medical examination.  As was explained to plaintiff previously, however, without a

25    showing of a sufficiently serious physical injury plaintiff cannot state a claim for deliberate

26    indifference, and that without a showing of a prior physical injury, plaintiff's claims of

27    emotional and mental injury cannot proceed.

28          Accordingly, as plaintiff has failed to allege facts that state a cognizable claim for

United States District Court
For the Northern District of California

3

relief under § 1983, the instant action is hereby DISMISSED with prejudice and without further leave to amend.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED:   July 8, 2009

MAXINE M. CHESNEY
United States District Judge